UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SHIRLEY BOTTLEY, ET AL., * | | CIVIL ACTION |
| * | | |
| Plaintiffs, * | | NO. |
| * | | |
| versus * | | SECTION: |
| * | | |
| EXXON MOBIL CORPORATION, * | | JUDGE: |
| EXXONMOBIL OIL CORPORATION, * | | |
| ET AL. * | | JURY TRIAL REQUESTED |
| * | | |
| Defendants * | | |
| * | | |

<u>*CONSOLIDATED WITH*</u>

\*

WARREN LESTER, ET AL.     \*

\*

   Plaintiffs,     \*

\*

versus     \*

\*

EXXON MOBIL CORPORATION,     \*
CHEVRON USA, INC.,     \*
INTRACOASTAL TUBULAR
SERVICES, INC.,     \*
ALPHA TECHNICAL SERVICES,     \*
INC., OFS, INC., ET AL.     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA

    United States Courthouse
    New Orleans, Louisiana

Now comes Petitioner, ExxonMobil Oil Corporation, who, through undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441, 1446, and 1453, hereby gives notice that it

1

has removed this civil action from the Civil District Court for the Parish of Orleans, to the United States District Court for the Eastern District of Louisiana based upon the Class Action Fairness Act of 2005 ("CAFA"). In support of this Notice of Removal, ExxonMobil Oil Corporation ("ExxonMobil") states as follows:

### Plaintiffs' State Court Allegations

1.

On December 20, 2002, over 600 plaintiffs filed a cumulated petition entitled *Warren Lester v. Exxon Mobil Corporation, et al.*, bearing docket number 2002-19657 Div. #N-8, in Civil District Court for the Parish of Orleans, State of Louisiana alleging personal injury and property damage claims from alleged exposure to naturally occurring radioactive material ("NORM") as part of oil and gas operations at various pipe yards and other facilities in several states. *See* Petitions for Damages (*Lester*), attached hereto as Exhibit A.

2.

The *Lester* Plaintiffs are current residents of several states and are people who worked at these various facilities or neighbors who lived near these various facilities where the allegedly hazardous substances were located. The *Lester* Plaintiffs seek an award of damages for personal injury, medical monitoring, and for remediation and cleanup of their allegedly contaminated properties. The *Lester* Plaintiffs also seek punitive damages. Although some *Lester* Plaintiffs have been dismissed or have settled their claims, approximately 528 Plaintiffs remain. The *Lester* case does not involve claims for wrongful death.

3.

One of the Plaintiffs filing suit in the *Lester* case was Cornelius Bottley. Mr. Bottley asserted claims for both compensatory and exemplary damages as a result of his alleged exposure to NORM while working at various pipe yards in Louisiana, Texas, Mississippi, and Oklahoma from 1978 through 1991. Mr. Bottley died on July 17, 2012 from esophageal cancer. *See* Exhibit Third Supplemental and Amended Petition (*Lester*), attached hereto as Exhibit B and Petition for Wrongful Death and Survival Action (*Bottley*), attached hereto as Exhibit C.

4.

On July 16, 2013, Shirley Bottley, Jovane Benoit, and Juajuan Benoit (hereinafter "*Bottley* Plaintiffs") filed a Petition for Wrongful Death and Survival Action, entitled *Shirley Bottley et al. v. Exxon Mobil Corporation et al.,* bearing docket number 13-6222 Division F, Civil District Court for the Parish of Orleans, State of Louisiana, alleging that Cornelius Bottley's death was caused by his alleged exposure to NORM. The *Bottley* Plaintiffs are current residents of Louisiana and Texas and seek damages for wrongful death, survival action, and punitive damages. *See* Exhibit C.

5.

Along with fifteen other oil companies and pipe cleaning contractors, the *Bottley* Petition named ExxonMobil Oil Corporation ("ExxonMobil") as a defendant. ExxonMobil is not a defendant in the *Lester* matter.

6.

On July 30, 2014, ExxonMobil was served with the *Bottley* Plaintiffs' Motion to Transfer and Consolidate, moving that the *Bottley* matter be consolidated with the *Lester*

3

matter "for purpose of trial pursuant to Article 1561 of the Louisiana Code of Civil Procedure," as both matters "arise out of identical facts and seek damages resulting from an identical tortious exposure." *See* Motion to Transfer and Consolidate and Memorandum in Support thereof, attached hereto as Exhibit D *in globo*. Both the *Bottley* Plaintiffs and the *Lester* Plaintiffs are represented by the same counsel of record—The Falcon Law Firm.

7.

On August 7, 2014, counsel for ExxonMobil was served with a signed Order granting the *Bottley* Plaintiffs' Motion to Transfer and Consolidate. *See* Rule to Show Cause and Order, attached hereto as Exhibit E *in globo*. The Order was filed on July 30, 2014, and a signed copy was served on August 7, 2014. Although the Order and Rule to Show Cause are dated August 31, 2014, the actual date of signing was July 31, 2014 – the day after the Motion was filed. Further, while the Rule to Show Cause purports to set the Motion to Transfer and Consolidate for contradictory hearing, such a hearing is moot given that the Order has been granted. In any event, the receipt of the proposal (*i.e.*, receipt of the Motion to Transfer and Consolidate) to try *Bottley* together with *Lester* as a mass action that triggers ExxonMobil's ability to remove. *See In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012).

8.

The motion and order consolidating the *Bottley* case with the *Lester* case constitutes a newly commenced "mass action" against ExxonMobil. As such, ExxonMobil is entitled to remove under the Class Action Fairness Act. *See Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801 (5th Cir. 2006).

## Removal Under the Class Action Fairness Act

9.

This removal is brought under the "mass action" provision of the Class Action Fairness Act of 2005. *See* 28 U.S.C. §§1332, 1441, 1446, 1453. More particularly, CAFA defines a "mass action" as one wherein "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." 28 U.S.C. § 1332(d)(11)(B)(i). Plaintiff's Motion to Transfer and Consolidate constitutes such a proposal. *See, e.g., In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012). For this reason, removal is permitted under the Class Action Fairness Act.

10.

The consolidation of the *Lester* and *Bottley* matters so significantly alters the substantive character of the litigation as to constitute the commencement of a new civil action as to those defendants for the purpose of removal under CAFA. *See, e.g., Braud v. Transport Service Co. of Illinois*, 445 F.3d 801 (5th Cir. 2006); *Abshire v. Louisiana*, 2009 WL 50178 (M.D. La. 2009). Specifically, instead of a wrongful death matter involving three plaintiffs, the consolidation of *Bottley* with *Lester* places ExxonMobil in a substantially more complicated matter involving over 530 plaintiffs and which meets the definition of a "mass action" under CAFA. Accordingly, the addition of ExxonMobil as a defendant to the consolidated suit opens a new window of removability as to ExxonMobil pursuant to 28 U.S.C. §1446(b).

11.

At the time of filing plaintiffs' Petition, defendant ExxonMobil Oil Corporation was and is now a New York corporation with its principal place of business in the State of Texas.

12.

The *Bottley* and *Lester* Plaintiffs are residents of Louisiana, Mississippi, Indiana, Texas, Colorado, Washington, West Virginia, Oregon, South Carolina, Alabama, Georgia, Kentucky, and Florida. Based on the foregoing, there is minimal diversity of citizenship between plaintiffs and defendants, as defined under CAFA at 28 U.S.C. §1453(b) and 1332.

## The Amount in Controversy

13.

The amount in controversy exceeds $75,000 per plaintiff, exclusive of costs and interest, and thus the aggregated amount in controversy exceeds $5,000,000. Accordingly, all plaintiffs are properly before this Court pursuant to 28 U.S.C. §§1332(d)(2), (6), (11).

14.

Although Plaintiffs plead no specific amount of damages, Plaintiffs seek damages for personal injuries, property remediation, wrongful death, and punitive damages. In a similar litigation involving claims of personal injuries due to alleged exposure to naturally occurring radioactive material, the <u>lowest</u> damages, awarded to a plaintiff found only to have suffered a "fear of cancer," was $100,000. *See* IMOP Judgment, La. 4th Circuit Opinion, and La. Supreme Court Denial of Writ of Certiorari, attached hereto as

Exhibit F *in globo*. Other plaintiffs in that litigation received awards in excess of $1,000,000. *Id.*

## Other Matters

15.

The *Lester* case was previously removed on November 3, 2006 by Mobil after the *Lester* plaintiffs filed a motion for leave to file an amending and supplemental petition naming ExxonMobil as a defendant for the first time. The case was assigned to Judge Fallon in Section L, and was ultimately remanded on the grounds the trial court had not yet signed the motion for leave to file the amended petition at the time of removal. Thus, the removal was found to be premature. The grounds for the instant removal are separate and distinct from the previous removal.

16.

There are currently two NORM mass actions that have been removed pursuant to CAFA and are pending in this Court:

*Cheryl Aucoin et al. v. Exxon Mobil Corporation et al.* (No. 09-3690, Section N, Judge: Engelhardt, Mag. Judge: Chasez); and

*Levi Coleman, Sr., et al. v. H.C. Price Co. et al.* (No. 11-2937, Section E, Judge: Morgan, Mag. Judge: Knowles)

17.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, is being promptly filed with the Civil District Court for the Parish of Orleans, State of Louisiana. A copy of said notice is attached hereto as Exhibit G. Undersigned counsel further certifies that a copy of this Notice of

Removal will be promptly served on Plaintiffs by mailing a copy of it to their counsel of record.

18.

Petitioners reserve the right to amend or supplement this Notice of Removal.

19.

This action is removable pursuant to 28 U.S.C. §1441(a) because Petitioners are removing this action to the District Court of the United States for the district and division embracing the place where the action is pending.

20.

Pursuant to 28 U.S.C. §1453(b), the consent of other defendants is not required.

21.

None of the exceptions to the Class Action Fairness Act enumerated in 28 U.S.C. §1332 apply.

22.

Pursuant to 28 U.S.C. §1447(b), a copy of all process, pleadings and orders will be filed into the record at a time specified by the Court.

23.

Petitioner requests a trial by jury on all issues.

**WHEREFORE**, Petitioner, ExxonMobil Oil Corporation hereby removes the consolidated *Bottley* and *Lester* actions now pending in the Civil District Court for the Parish of Orleans.

Respectfully submitted,

**ADAMS AND REESE LLP**

_____
Glen M. Pilié (#1539)
Ronald J. Sholes (#14436)
Donald C. Massey (#14177)
Martin A. Stern (#17154)
E. Paige Sensenbrenner (#18429)
Valeria M. Sercovich (#24642)
Roland M. Vandenweghe (#25283
David M. Stein (#31977)
4500 One Shell Square
New Orleans, LA  70139
Telephone:  (504) 581-3234
Facsimile:  (504) 566-0210
E-mail: glen.pilie@arlaw.com
           ronald.sholes@arlaw.com
           don.massey@arlaw.com
           martin.stern@arlaw.com
           paige.sensenbrenner@arlaw.com
           valerie.sercovich@arlaw.com
           roland.vandenweghe@arlaw.com
           david.stein@arlaw.com
*Counsel for ExxonMobil Oil Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record and the Civil District Court for the Parish of Orleans via United States or electronic mail, postage prepaid and properly addressed, this 11th day of August, 2014.

_____