UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WARREN LESTER, EL AL. | | CIVIL ACTION |
| VERSUS | | NO. 14-1824 |
| EXXON MOBIL CORP., ET AL. | | SECTION "L" |

<u>ORDER AND REASONS</u>

Before the Court is Plaintiffs' motion to remand to state court. (Rec. Doc. 8). The Court has reviewed the briefs and the applicable law, and now issues this Order and Reasons.

I.      BACKGROUND

Plaintiffs in the instant *Lester* action were allegedly exposed to naturally occurring radioactive material ("NORM") associated with the cleaning of used oilfield pipe at various pipe yards. These Plaintiffs are individuals residing in several states who either worked at, or lived near, these facilities. The *Lester* Plaintiffs, a number of whom allege to have contracted cancer from NORM, seek damages for personal injury, medical monitoring, property damage, and punitive damages.

*Lester* has a lengthy procedural history. In 2002, over 600 Plaintiffs filed a single petition, entitled the *Lester* petition, seeking damages in Civil District Court for the Parish of Orleans, State of Louisiana. Since 2002, the state court proceedings have disposed of the claims of various Plaintiffs through "trial flights," settlements, or other dismissals, such that just over 500 Plaintiffs remain. The state court has systemically grouped up to twelve Plaintiffs' like-claims together for trial flights. According to Plaintiffs, none of the completed trial flights have had preclusive effect on subsequent trial flights.

One of the Plaintiffs included in the *Lester* petition was Cornelius Bottley, who died from esophageal cancer in 2012. On July 16, 2014, three members of his surviving family filed a separate *Bottley* action, also in Civil District Court in Orleans Parish. With an upcoming trial flight, these *Bottley* Plaintiffs on July 31, 2014 moved the state court to transfer and consolidate their case with the *Lester* state action. Based on this motion for consolidation, *Bottley* Defendant Exxon Mobil Oil removed both *Lester* and *Bottley* to this Court under the Class Action Fairness Act ("CAFA"). Although Defendant Exxon Mobil Oil ("Mobil Oil") was a Defendant only in the new *Bottley* state court action, and not its *Lester* counterpart, it asserts that the motion to consolidate entitles it to remove both cases under CAFA.

## II.    PRESENT MOTION

Both *Lester* and *Bottley* Plaintiffs now move to remand to state court. (Rec. Doc. 8).[1] The *Bottley* Plaintiffs adopt the arguments of the *Lester* Plaintiffs. (14-1840, Rec. Doc. 24). Plaintiffs argue that Mobil Oil has the burden to demonstrate removability under CAFA and Mobil Oil has not met that burden. First, Plaintiffs argue that here, Mobil's removal of both actions was improper because no new action had "commenced." Specifically, Plaintiffs argue that the *Bottley* state proceedings were never consolidated and could not have been consolidated under Louisiana procedural law because no contradictory hearing has occurred, as required by Louisiana Code of Civil Procedure article 1561. Next, Plaintiffs argue that the *Lester* removal is invalid because Mobil Oil is not a defendant in the state *Lester* action, regardless of whether state consolidation ever occurred. Finally, Plaintiffs argue that the *Lester* and *Bottley* cases do not constitute "mass actions" because they have never proposed to jointly try the claims of 100 or more plaintiffs. Plaintiffs also note that the *Bottley* case cannot constitute a mass action because it contains only three plaintiffs.

---

[1] Unless otherwise noted, all references to Record Documents herein refer to the *Lester* case.

Mobil Oil responds in opposition to remand in both *Lester* and *Bottley*, for the same reasons in each case. (Rec. Doc. 17). Mobil Oil first argues that Plaintiffs *proposed* to try their cases jointly in state court by filing a single, joint complaint in accordance with Louisiana procedural law. Next, Mobil Oil asserts that the *Bottley* Plaintiffs' motion to consolidate the state proceedings also included a proposal for joint trial because consolidation under article 1561 inherently requires a proposal for joint trial. Finally, Mobil Oil argues that it is immaterial whether *Bottley* was actually consolidated in state court because the request (or proposal) for, not the grant of, joint trial is the trigger for removability to federal court, thus it was entitled to remove under CAFA.

Both parties filed supplemental briefs following oral argument, which the Court has considered.

## III.    LAW AND ANALYSIS

As the removing party, Mobil Oil has the burden of establishing jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001). Removal jurisdiction "raises significant federalism concerns" and is strictly construed. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts regarding jurisdiction should be resolved against exercising jurisdiction. *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

Mobil Oil asserts that this Court has jurisdiction under CAFA in this matter because the case qualifies as a mass action. Since 2005, CAFA has provided original federal jurisdiction over any "mass action," defined as any civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C.A. § 1332(d)(11).

CAFA jurisdiction only applies to a lawsuit "commenced" on or after February 18, 2005, the date CAFA was enacted. *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006). Normally, "commencement" occurs when a complaint is originally filed. *Id.* at 804. However, under Louisiana law, the addition of a new defendant is an appropriate date of commencement and generally does not relate back to the original complaint. *See id.* at 807. As the *Lester* action was filed in state court before CAFA's 2005 enactment, this Court only has subject matter jurisdiction if two interrelated conditions are established: (1) the state court proceedings included a proposal for a joint trial of 100 or more plaintiffs and (2) the request for state court consolidation "commenced" a new action, removable by a proper party, within the meaning of CAFA. The Court will address these issues in turn.

### A.  Proposal for Joint Trial under CAFA

#### 1.      100 or more plaintiffs

To determine whether the *Lester* and *Bottley* Plaintiffs proposed a joint trial of 100 or more plaintiffs, the Court begins with a look at CAFA's definition of a "mass action," which requires, *inter alia*, a proposal that the claims of 100 or more persons are to be tried jointly. Plaintiffs initially filed a joint complaint with over 600 claimants. One commentator suggests that the existence of more than 100 plaintiffs in one joint complaint "presumptively proposes that the claims be tried jointly . . . if plaintiffs intend to avoid federal jurisdiction they must – as masters of their own complaint – name fewer than 100 plaintiffs." Gregory Cook, THE CLASS ACTION FAIRNESS ACT 211 (2013). In this case, however, the number of plaintiffs at the time the *suit* was filed is not determinative. CAFA did not exist when *Lester* was filed in state court in 2002 and it is not retroactive. *See Braud*, 445 F.3d at 804; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 571 (2005) ("The CAFA, however, is not retroactive."). The question of "when a lawsuit is initially 'commenced' for purposes of CAFA is determined

4

by state law." *Braud*, 445 F.3d at 803 (5th Cir. 2006). In this case, under *Braud*, the proposal to

add a new defendant is the date of commencement for the purposes of CAFA. *See* 445 F.3d at

807. At the time of the filing of the motion to consolidate, there were still some 500 claimants

remaining, a number sufficient to qualify as a mass action under CAFA.

2.       Effect of consolidation under Louisiana law

When the Plaintiffs moved to consolidate the *Bottley* Plaintiffs with the *Lester* Claimants,

their motion, under Louisiana law, was in fact a proposal for a joint trial. The pertinent provision

of the Louisiana Code of Civil Procedure reads:

> Art. 1561. Consolidation for trial
>
> A.   When two or more separate actions are pending in the same court, the section
> or division of the court in which the first filed action is pending may order
> consolidation of the actions *for trial* after a contradictory hearing, and upon a
> finding that common issues of fact and law predominate, and, in the event a
> trial date has been set in a subsequently filed action, upon a finding that
> consolidation is in the interest of justice.

La. C.C.P. art. 1561(A) (emphasis added). Both the text and the heading of article require that

the consolidation be conducted for trial purposes. Notably, Louisiana courts have read this

provision to mean that article 1561 authorizes consolidation *for trial*. In *Boh v. James Industrial*

*Contractors, LLC*, the Louisiana Court of Appeals for the Fourth Circuit held that article 1561

did not permit consolidation for pretrial purposes only. 2003-C-1211, p. 12 (La. App. 4 Cir.

2/11/04); 868 So. 2d 180, 186. Rather, the court explained that the text of the Code article, along

with the state Uniform Rules of the District Court, permitted consolidation for trial purposes only

and noted the absence of any case law indicating that a case could be consolidated for pretrial

purposes only. *Id.* at p. 14; 868 So. 2d at 187. One other case from the Louisiana Court of

Appeals has emphasized that article 1561 is for trial purposes. *Pardue v. Livingston Parish Sch.*

5

*Bd.*, 2010-0749, 2011 WL 497484, at *4 (La. App. 1 Cir. 2/14/11). The sensible reasoning of these cases tracks the plain language of article 1561.

Also significant is that the *Bottley* Plaintiffs' state court motion for consolidation requests a "consolidation *for purposes of trial* pursuant to article 1561 of the Louisiana Code of Civil Procedure." (Rec. Doc. 17-2) (emphasis added). Although the Fifth Circuit has not interpreted what constitutes a "proposal for joint trial" under CAFA, several other circuit courts have looked to the actions of a party to help answer the question. The Seventh Circuit, in *In Re: Abbott Laboratories, Inc.*, reasoned that there was a proposal for joint trial where the party properly moved for consolidation both for pretrial and for trial purposes. 698 F.3d 568, 570 (7th Cir. 2012). In reaching its decision, the Seventh Circuit focused on the contents of the motion of the party seeking consolidation. *Id.* at 573; *see also Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1163-65 (8th Cir. 2013) (using the party's assertions at oral argument regarding whether consolidation was for trial or pretrial to help determine CAFA jurisdiction). Thus, the language in the motion to consolidate indicates a proposal for joint trial.

### 3.    Proposal for trial vs. eventual method of trial

Plaintiffs counter that *Lester*'s procedural history, involving several non-preclusive "trial flights" of fewer than twelve plaintiffs, demonstrates that the motion to consolidate cannot be viewed as a proposal for joint trial of over 100 claimants. Under this argument, the *Bottley* motion for consolidation would not change the structure of the *Lester* case because it merely sought to add the *Bottley* Plaintiffs to the underlying *Lester* suit for the purposes of the next trial flight of well less than 100 plaintiffs. However, this argument cannot be squared with article 1561 as explained in *Boh*, which explicitly requires that a *Bottley* consolidation in state court inherently involves consolidation for trial purposes. 2003-C-1211, p. 12; 868 So. 2d at 186.

Indeed, Plaintiffs have not advanced any argument to show that consolidation could occur, in accordance with Louisiana law, for any purposes but trial.

Moreover, an analysis of CAFA's mass action provision precludes the interpretation put forth by Plaintiffs. To be sure, the requirement of a *proposal* for joint trial cannot be read to require literally that all 100 or more plaintiffs eventually be tried at the same time before one jury. Such a requirement not only is contrary to the plain language of the statute, but also would be entirely impractical. Surely, such an interpretation cannot be Congress's intent. Rather, a proposal for joint trial requires only that – a proposal. The eventual method of trial is for the Court to determine, based on feasibility and efficiency, and does not divest federal jurisdiction based on CAFA.

One other court has assessed this question and reached the same conclusion. In *Cooper v. R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1319-22 (M.D. Fla. 2008), the district court held that plaintiffs' state court complaint of approximately 200 individuals constituted a proposal for joint trial, even though the defendants had the "premeditated intent" post-removal to sever each plaintiff's case for trial. The court explained that the statute's plain language requirement that the 100 or more claims "are proposed to be tried jointly" was met where the state court complaint named approximately 200 plaintiffs in a single complaint and paid a single filing fee and requested one jury trial. *Id.* at 1320. The court explained that CAFA's legislative history, although sparse, indeed confirmed this interpretation that plaintiffs' *request* for joint trial is the triggering factor, regardless of the eventual trial plan. *Id.* at 1321. The Senate Committee Report, standing alone without any accompanying House Committee Report states that:

> [M]ass actions are suits "brought on behalf of numerous named plaintiffs *who claim* that their suits present common questions of law or fact that should be tried together." S. Rep. 109-14 at 43 (emphasis added). The Committee Report refers to the same section later by paraphrasing it as applying to "any civil action in which

> 100 or more named parties *seek* to try their claims for monetary relief together."
> *Id.* (emphasis added). While the word chosen in the final version of the statute
> was "proposed," this legislative history supports that it is the request for a joint
> trial, and not whether the joint trial occurs, that triggers federal jurisdiction.

*Id.* at 1321. The court's reasoning in *Cooper* is persuasive and applies here. At the time of filing

of the motion to consolidate, Plaintiffs' complaint still consisted of over 500 individuals who had

filed jointly and paid a single filing fee. The language of the motion to consolidate, in fact,

requested "consolidation *for purposes of trial* pursuant to article 1561 of the Louisiana Code of

Civil Procedure." (Rec. Doc. 17-2) (emphasis added). As previously explained, an analysis of

article 1561 reveals that consolidation for the purposes of trial is the only permissible usage of

the article; consolidation for pretrial purposes only is prohibited. Under these facts, CAFA's

plain language and legislative history indicate that at the moment that Plaintiffs filed their state

court motion to consolidate, there existed a proposal for joint trial, regardless of whether cases

might later be individually severed into smaller trial flights. *See also Bullard*, 535 F.3d at 762

("It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory

question is whether one has been proposed."). The existence of more than 100 plaintiffs in the

*Lester* complaint, at the time of the *Bottley* motion to consolidate, triggers CAFA mass action

status.

### B.  "Commencement" under CAFA: Proper Party for Removal

Having determined that Plaintiffs indeed proposed a joint trial of 100 or more plaintiffs,

the Court must then ask whether Mobil Oil is a proper party to remove both suits. As noted

above, Mobil Oil was only a named Defendant in the *Bottley*, not the *Lester* state court action.

Mobil Oil, however, contends that the *proposal* for joint trial inherent in the state court

consolidation motion is the triggering event, thus a new suit has "commenced," and it is entitled

to remove both suits.

As previously mentioned, the question of "when a lawsuit is initially 'commenced' for purposes of CAFA is determined by state law." *Braud*, 445 F.3d at 803 (5th Cir. 2006). In assessing removal from Louisiana state court, the Fifth Circuit has held that "amendments that add a defendant 'commence' the civil action as to the added party." *Id.* at 804. Accordingly, "the addition of a new defendant 'opens a new window of removal' under 1446(b)." *Id.* at 805 (quoting *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005). The Fifth Circuit further explained that under Louisiana law, the addition of a new defendant does not relate back to the original complaint unless a "misnomer" situation exists.[2] *Id.* at 807.

*Braud* is instructive here. No misnomer situation exists here, thus an amendment adding Mobil Oil as a party would indeed be a "commencement" sufficient to trigger the option of removability. A valid state court order consolidating *Lester* and *Bottley* would certainly grant Mobil Oil the right to remove as a "new defendant" under *Braud*. Although there is some dispute as to whether *Lester* and *Bottley* were properly, or even actually, consolidated in state court, the Court need not decide this question. The plain language of CAFA only requires a *proposal* for joint trial of 100 or more plaintiffs as the triggering event for removal, as discussed in detail, *supra* Part III.A. Under this plain language, then, Mobil Oil is correct that the mere filing of the *Bottley* motion to consolidate in state court is sufficient to permit Mobil Oil to remove both cases because it constitutes a proposal for joint trial – in which Mobil Oil would be a defendant in both cases. Indeed, both the Seventh Circuit and Eighth Circuit cases discussed herein, principally

---

[2] In a misnomer case, relation back occurs under the following circumstances: (1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition; (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. *Braud*, 445 F.3d at 807, n.13.

*Abbott* and *Atwell*, respectively, focus on the fact that a party moved for consolidation, and do not concern themselves with whether consolidation was granted. *See Abbott*, 698 F.3d at 573 ("Plaintiffs may not have explicitly asked that their claims be tried jointly, but the language in their motion comes very close . . . . As a result, plaintiffs' motion to consolidate was sufficient to create a mass action."); *Atwell*, 740 F.3d at 1163-65; *see also Bullard*, 535 F.3d at 762 ("It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed."). Therefore, the *Bottley* motion to consolidate in state court is a sufficient trigger for Mobil Oil to remove both cases. [3]

### C.  Significant Jurisdictional Issue of Law

The Court recognizes that this opinion resolves a significant jurisdictional question, and it might be wise for the parties to seek Fifth Circuit review at the beginning of the long and costly process of serial trials in this matter. The instant question constitutes a "controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from [this] order may materially advance the ultimate termination of this litigation." 28 U.S.C. § 1292(b). Under either CAFA or 28 U.S.C. § 1292(b), an interlocutory appeal must be sought within ten days of this order. *See* CAFA, 28 U.S.C. § 1453(c); *Hood ex. rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) (applying 28 U.S.C. § 1453(c) in the context of a CAFA mass action); *see also* 28 U.S.C. § 1292(b). Nothing in the instant order should be construed to authorize a stay of proceedings in this Court.

---

[3] It is worth noting that the quandary that Plaintiffs now find themselves in is a problem of their own making. Plaintiffs' state court motion to consolidate serves as the trigger point permitting removal. Although there is a strong argument that, practically, it would be sensible for the state court to retain this litigation, considering the expertise that the state court system surely has developed in the litigation over the past twelve years, the Court's hands are tied. As explained herein, article 1561 and Plaintiffs' actions *require* federal jurisdiction under CAFA, and the Court has no choice but to deny remand.

IV.     **CONCLUSION**

For these reasons, **IT IS ORDERED** that Plaintiffs' motion to remand is **DENIED**.

New Orleans, Louisiana, this 23rd day of October, 2014.

_____
U.S. DISTRICT JUDGE