# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **WARREN LESTER, ET AL.** | * | **CIVIL ACTION NO. 2:14-CV-01824** |
| **PLAINTIFFS** | * | |
| | * | |
| | * | **SECTION "L"** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| | * | |
| **EXXON MOBIL CORP., ET AL.** | * | **DIVISION "2"** |
| **DEFENDANTS** | * | **MAG. JOSEPH C. WILKINSON, JR.** |

**c/w**

| | | |
|---|---|---|
| **SHIRLEY BOTTLEY, ET AL.** | * | **CIVIL ACTION NO. 2:14-CV-01840** |
| **PLAINTIFFS** | * | |
| | * | **SECTION "L"** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| | * | |
| **EXXON MOBIL CORP., ET AL.** | * | **DIVISION "2"** |
| **DEFENDANTS** | * | **MAG. JOSEPH C. WILKINSON, JR.** |

---

**SHELL OIL COMPANY'S ANSWER, AFFIRMATIVE DEFENSES,
AND DEMAND FOR JURY TRIAL IN RESPONSE TO PLAINTIFFS
SHIRLEY BOTTLEY, JOVANE BOTTLEY AND JUJUAN BOTTLEY'S
PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Shell Oil Company, who without waiving any and all applicable defenses and exceptions hereby answers and pleads the following affirmative defenses in response to the Petition for Wrongful Death and Survival Damages filed by Plaintiffs Shirley Bottley, Jovane Benoit, and Jujuan Benoit ("Petition") (14-1824, Rec. Doc. 1-3; 14-1840, Rec. Doc. 9-1):

**ANSWER**

**AND NOW**, in answer to Plaintiffs' Petition, Shell respectfully responds as follows:

1.

Shell denies any allegations contained in the introduction/preamble to Plaintiffs' Petition. Shell expressly denies any liability to the named Plaintiffs or Decedent Cornelius Bottley ("Decedent").

2.

The allegations contained in Paragraph 1(i-iii) are denied for lack of knowledge or sufficient information to justify a belief therein.  Shell expressly denies any liability to the named Plaintiffs or Decedent.

3.

The allegations contained in Paragraph 2 do not require a response from Shell but, out of an abundance of caution, are denied for lack of knowledge or sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 2(a-d and f-p) directed to other Defendants do not require a response from Shell but, out of an abundance of caution, are denied for lack of knowledge or sufficient information to justify a belief therein. The allegations contained in Paragraph 2(e) directed to Shell are admitted.

5.

The allegations contained in Paragraph 3 state a legal conclusion and, therefore, require no response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 3 are denied for lack of knowledge or sufficient information to justify a belief therein; however Shell avers that this case was properly removed to the Eastern District of Louisiana and that venue is proper in the Eastern District of Louisiana.

6.

The allegations contained in Paragraph 4 are denied, except Shell acknowledges that this case, which was consolidated with *Lester et al. v. Exxon Mobil Corp. et al.*, No. 14-1824, arises out of the same facts as the *Lester* litigation and that Decedent Cornelius Bottley was a plaintiff in the *Lester* litigation prior to his death.

7.

The allegations contained in Paragraph 5 are denied.

8.

The allegations contained in Paragraph 6 are denied for lack of knowledge or sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 7 are denied for lack of knowledge or sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 8 are denied for lack of knowledge or sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 9 are denied for lack of knowledge or sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 10 are denied for lack of knowledge or sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 11 are denied.

14.

The allegations contained in Paragraph 12 are denied.

15.

The allegations contained in Paragraph 13 are denied.

16.

The allegations contained in Paragraph 14 are denied.

17.

The allegations contained in Paragraph 15 are denied.

18.

The allegations contained in Paragraph 16 are denied.

19.

The allegations contained in Paragraph 17 require no response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 17 are denied.

20.

The allegations contained in Paragraph 18 are denied.

21.

The allegations contained in Paragraph 19(a-n) are denied.

22.

The allegations contained in Paragraph 20 are denied for lack of knowledge or information sufficient to justify a belief therein.

23.

The allegations contained in Paragraph 21 are denied.

24.

The allegations contained in Paragraph 22 are denied.

25.

The allegations contained in Paragraph 23 are denied.

26.

The allegations contained in Paragraph 24 are denied.

27.

The allegations contained in Paragraph 25 are denied.

28.

The allegations contained in Paragraph 26 are denied.

29.

The allegations contained in Paragraph 27 are denied.

30.

The allegations contained in Paragraph 28(a-n) are denied.

31.

The allegations contained in Paragraph 29(a-i) are directed to other Defendants and do not require a response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 29(a-i) are denied for lack of knowledge or sufficient information to justify a belief therein.

32.

The allegations contained in Paragraph 30 state a legal conclusion and, therefore, require no response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 30 are denied.

33.

The allegations contained in Paragraph 31 state a legal conclusion and, therefore, require no response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 31 are denied.

34.

The allegations contained in Paragraph 32 state a legal conclusion and, therefore, require no response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 32 are denied.

35.

The allegations contained in Paragraph 33 are denied.

36.

The allegations contained in Paragraph 34 are denied.

37.

The allegations contained in Paragraph 35 are denied.

38.

The allegations contained in Paragraph 36 are denied.

39.

The allegations contained in Paragraph 37 are denied.

40.

The allegations contained in Paragraph 38(a-s) are denied.

41.

The allegations contained in Paragraph 39 state a legal conclusion and, therefore, require no response from Shell. To the extent a response is deemed necessary, the allegations in Paragraph 39 are denied.

42.

Shell denies the allegations contained in the Prayer for Relief to Plaintiffs' Petition.

43.

Any paragraphs or allegations contained in Plaintiffs' Petition not specifically answered or admitted are denied.

## AFFIRMATIVE DEFENSES

**AND NOW**, further answering, Shell asserts the following affirmative defenses to the Plaintiffs' Petition:

1.

Plaintiffs' Petition fails to state a claim or cause of action upon which relief can be granted against Shell.

2.

Plaintiffs do not have a cause of action or right of action against Shell. Plaintiffs' Petition fails to state a claim or cause of action upon which relief can be granted for (1) breach of contract; (2) strict liability (pursuant to Louisiana Civil Code Article 2317 *et seq.* or any other theory of strict liability); (3) absolute liability for conducting an ultrahazardous activity; (4) solidary liability as to wrongful death claims; (5) punitive damages in connection with Plaintiffs' wrongful death claims; and (6) punitive damages in connection with Plaintiffs' survival action for conduct that occurred outside the effective period of former Article 2315.3 of the Louisiana Civil Code.

3.

Plaintiffs' claims are time-barred, in whole or in part, under the applicable prescription and peremption Articles. Shell asserts that the Plaintiffs do not have a cause and/or right of action against Shell, and their claims against Shell are barred in whole or in part by the doctrines of res judicata, compromise, accord and satisfaction, issue preclusion and/or claim preclusion to the extent they were adjudicated or settled in prior litigation and/or proceedings.

4.

Shell avers that Plaintiffs do not have a right of action or the procedural capacity to proceed in this matter pursuant to Louisiana Civil Code Articles 2315.1 and 2315.2, which establish who may bring survival and wrongful death actions. Plaintiffs' "simple assertion[s]" regarding their relationship to Decedent in Paragraph 1(i-iii) of the Petition are insufficient to meet their burden to establish their legal right and capacity to bring this wrongful death and survival action. *See Henderson v. Turner*, 11-39, 2012 U.S. Dist. LEXIS 106629, at *9 (M.D. La. July 31, 2012). Thus, the claims of these Plaintiffs should be dismissed.

5.

Shell asserts that Plaintiffs failed to join indispensable parties, as there may be additional parties necessary for the just adjudication of certain Plaintiffs' survival action claims.

6.

Shell is not liable to Plaintiffs or Decedent on the basis of negligence, fault, strict liability, absolute liability, intentional fault, fraud, conspiracy, concealment, derivative liability, or any other basis of liability.

7.

Shell did not act maliciously, fraudulently, intentionally, and/or deliberately, and did not wantonly or recklessly engage in any wrongful act or conduct.

8.

Shell did not know, and in the exercise of reasonable care should not have known, of any alleged untruth or omission of which Plaintiffs complain.

9.

At all relevant times Shell's actions were in accordance with the Louisiana Department of Environmental Quality NORM Regulations, LAC: XV.1401, *et seq.*, as well as all other applicable federal and state laws, regulations, and standards and the accepted industry practices, customs, and procedures.

10.

Plaintiffs' claims are subject to comparative fault, contributory negligence, assumption of risk, or other misconduct of the Plaintiffs, Decedent, and/or other tortfeasors, whether named or unnamed, and any damages to Plaintiffs or Decedent claimed by Plaintiffs are subject to reduction or barred.

11.

The allegations of Plaintiffs, and the damages of which they complain, if any, were due to the actions, contributory negligence, comparative fault, conduct and/or negligence of other persons for whom Shell is not liable and had no control, right of control, or supervision.

12.

Plaintiffs' and/or Decedent's injuries, medical conditions, and/or damages, if any, occurred as a result of pre-existing, superseding, or intervening medical conditions, causes, or injuries that

are wholly unrelated to any alleged action, activity, and/or omission by Shell and for which Shell is not legally responsible, and the existence of these pre-existing, superseding, or intervening or other medical conditions, causes, or injuries are a bar to and/or mitigating factor to any recovery sought herein.

13.

Shell avers that Plaintiffs' and/or Decedent's injuries, if any, were caused by the sole fault of Plaintiffs and/or Decedent, and recovery is thus barred. Decedent's fault includes, but is not limited to, the failure to properly utilize safety equipment and to follow appropriate safety procedures, failure to exercise due care under the circumstances, failure to adhere to warnings, and any and all other negligent or wrongful acts or omissions which may be discovered or proven at the trial of this matter.

14.

In the alternative, to the extent Plaintiffs' and/or Decedent's alleged injuries, if any, are found to have been caused by acts or omissions other than those solely of Plaintiffs and/or Decedent, then Plaintiffs and/or Decedent were a contributing cause of the injury, thus, either barring or diminishing their entitlement to recovery.

15.

Plaintiffs are barred from prosecuting this action because of Plaintiffs' and/or Decedent's knowledge of, assumption of the risks, and consent regarding the alleged dangers associated with his employment.

16.

Plaintiffs' and/or Decedent's injuries, if any, were caused by acts or omissions or conditions which are the responsibility of persons other than Shell, and for whom Shell has no legal responsibility, control, or supervision.

17.

Plaintiffs' and/or Decedent's injuries, if any, were caused by the superseding and intervening acts and/or negligence and/or strict liability of other parties or non-parties over whom Shell had no control or supervision and/or for whose actions Shell is not liable.

18.

Plaintiffs' and/or Decedent's alleged damages are barred, in whole or in part, by their failure to mitigate, minimize, or abate the respective damages, if any.

19.

Decedent's injuries, if any, were caused by exposure to substances not attributable to Shell.

20.

Shell did not owe a duty to Plaintiffs and/or Decedent.

21.

No act or omission by Shell was the proximate cause, contributing cause, or otherwise a cause of any damages to Plaintiffs and/or Decedent alleged by Plaintiffs.

22.

At no time did any substance owned, operated, transported, and/or controlled by Shell cause any damage to Plaintiffs and/or Decedent.

23.

Shell did not have garde, custody, care, or control of the material, pipe, or equipment that forms the basis of this suit against Shell.

24.

Shell did not arrange for, nor was it responsible for, the transportation to or from, storage, handling, and/or disposal of any substances to which Decedent was allegedly exposed at any facility or location.

25.

At no time did any pipe or equipment owned, operated, transported, used, and/or controlled by Shell cause any damage or injuries to Plaintiffs and/or Decedent.

26.

Shell denies that it can be strictly liable for the damages to Plaintiffs and/or Decedent as asserted by Plaintiffs, because the alleged contaminated pipe did not contain a defect as set forth by Article 2317 of the Louisiana Civil Code.

27.

Shell is not liable for conduct committed by independent contractors and had no duty or obligation to discover and/or remedy hazards created by any independent contractors.

28.

Shell asserts the affirmative defenses including arbitration and award, assumption of the risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, prescription, preemption, peremption, no right of action, failure to plead fraud and misrepresentation with particularity, vagueness, statute of limitations,

waiver, accord, satisfaction, settlement and release, compensation and set off, and failure to mitigate damages.

29.

Plaintiffs cannot rely on statutory and/or codal and/or regulatory authorities that were not in effect at the time of any alleged actions, including but not limited to former Louisiana Civil Code article 2315.3.

30.

Decedent and/or his employer(s) were sophisticated purchasers and/or users and/or learned intermediaries with respect to oilfield products, and were knowledgeable about the properties and all potential hazards, if any, relating to these materials; therefore, Shell had no duty to warn Decedent of the alleged dangerous nature of the materials.

31.

Under the circumstances, any duty Shell may have had to warn a sophisticated user such as Decedent or his employer(s), which duty is specifically denied, was discharged by the warning(s) of Decedent's employer(s), other defendants, non-parties, or other persons or entities.

32.

Plaintiffs' and/or Decedent's injuries, if any, are the responsibility of Decedent and/or his employer(s), for whom Shell is not responsible, to guard against unsafe contact, if any, with any oilfield materials, which constitutes a new and independent cause of any alleged injury sustained by Plaintiffs and/or Decedent.

33.

At the time any oilfield materials left the control of Shell, a practical and technically feasible alternative design was not available that would have prevented the harm from which Plaintiffs

and/or Decedent seek to recover without substantially impairing the usefulness or intended purpose of the materials.

34.

If Decedent was exposed to toxic substances, which is expressly denied, Shell is not responsible for those substances or the alleged exposure.

35.

Shell did not conduct any abnormally dangerous or ultra-hazardous activity which caused the harm or damage to Plaintiffs and/or Decedent as alleged by Plaintiffs.

36.

In the alternative, and only in the event it is determined that Decedent is entitled to recover against Shell, Plaintiffs' recovery must be reduced by the percentage of fault or virile share of fault attributable to any co-defendants, Decedent's employer(s), or other persons, whether a party to this litigation or not, including parties who are subject to bankruptcy protection from future litigation, as well as any party, co-defendant, or non-party with whom Plaintiffs have compromised their alleged claims or may compromise their alleged claims in the future.

37.

Any alleged activity by Shell of which Plaintiffs complain was so insignificant and de minimis, it could not have caused damages to Plaintiffs and/or Decedent.

38.

The knowledge of other persons or entities, whether parties or nonparties, cannot be imputed to Shell.

39.

Shell did not have a duty to supervise the operations of Decedent or his employer(s).

40.

Shell was never the owner, operator, or lessee of any pipe yards and/or properties subject to this litigation. Shell had no right or duty to supervise or control the work and/or operations at the pipe yards and/or property in question. The acts and omissions of third parties were a superseding and independent cause of any damages or injuries sustained by Plaintiffs and/or Decedent.

41.

Alternatively, Shell pleads the statutory employer defense as a bar to Plaintiffs' recovery in tort.

42.

Shell denies that it can be solidarily liable for the alleged damage to Plaintiffs and/or Decedent as asserted by Plaintiffs.

43.

Shell denies that it can be jointly and severally liable for the alleged damages to Plaintiffs and/or Decedent as asserted by Plaintiffs.

44.

Plaintiffs' demands are barred by Plaintiffs' and/or Decedent's failure to exercise their rights, if any, in a timely fashion, causing the loss of evidence crucial to the defense of the demands against Shell and otherwise causing extreme and unfair prejudice to Shell. The claims against Shell thus violate the Due Process Clause of the United States Constitution and the Louisiana Constitution.

45.

To the extent the claims set forth by Plaintiffs are actually claims of damages, injuries, and/or losses that Plaintiffs have not yet actually sustained, but which they contend may arise or be

sustained by them in the future, any recovery for such claims should be barred because the claims are premature.

46.

Plaintiffs do not allege that Plaintiffs and/or Decedent and Shell were in privity, and for that reason, Plaintiffs have no claim against Shell for breach of contract or for any causes of action arising from any alleged contract.

47.

Shell avers that Plaintiffs and/or Decedent were not third-party beneficiaries under any alleged contract(s), and for that reason, Plaintiffs have no claim against Shell for breach of contract or for any causes of action arising from any alleged contract.

48.

As Plaintiffs have no entitlement to general or special damages, they have no entitlement to and may not recover punitive or exemplary damages under Louisiana law.

49.

Plaintiffs seek recovery in part under statutory and/or codal authorities that were not in effect during periods of time complained of in the Petition and which cannot be made applicable retroactively.

50.

Shell further avers that the punitive damages sought by Plaintiffs are not recoverable under Louisiana Civil Code Article 2315.3 as this article was repealed prior to the filing of this lawsuit. Further, some of the alleged exposure, which Shell specifically denies, occurred before former Civil Code Article 2315.3 was enacted, and former Article 2315.3 cannot and does not operate retroactively. Specifically, former Article 2315.3 is inapplicable prior to its effective date on

September 4, 1984. Additionally, Plaintiffs seeks to employ the Article in a manner in which it was never intended.

51.

Shell avers that punitive damages are not recoverable because Article 2315.3 has been expressly repealed, thus evidencing that the public policy of the State of Louisiana does not permit the award of punitive damages in this setting. Shell further avers that punitive damages are not recoverable on the grounds that Plaintiffs do not have an underlying injury that can be the basis for an award of punitive damages and that accrued during the time that former Article 2315.3 was in effect.

52.

Former Article 2315.3 of the Louisiana Civil Code is further inapplicable to Shell because Shell did not act in wanton or reckless disregard for the public safety in the storage, handling, or transportation of any hazardous or toxic substances.

53.

Any and all claims for exemplary damages are barred by the Eighth and Fourteenth Amendments to the United States Constitution, comparable provisions of the Louisiana Constitution, and/or comparable provisions of the constitution(s) of any state that has its law applied to this suit.

54.

Shell denies that it committed any conduct for which exemplary damages could be awarded and denies that Plaintiffs can produce clear and convincing evidence sufficient to support or sustain the imposition of exemplary damages against Shell.

55.

Imposition of exemplary damages would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

56.

Repealed Louisiana Civil Code article 2315.3 does not apply to this action.

57.

Former Article 2315.3 of the Louisiana Civil Code is unconstitutional on its face, or alternatively, any award of punitive damages would be unconstitutional under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution; Article I, Section 8 of the United States Constitution; Article I, Sections 2, 3, 4, 14 and 20 of the Louisiana Constitution, on the following non-exclusive grounds:

1. Article 2315.3 is impermissibly overly broad and vague and fails to give adequate notice of either the proscribed conduct or the severity of the punishment that may be imposed, and on this basis violates federal and state due process and the state right to property;

2. Article 2315.3 provides for a defendant to be punished in part based upon harm to the public, i.e., non-parties, and is therefore facially unconstitutional or unconstitutional as applied under federal and state due process and the state right to property;

3. An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent it is based on harm to non-parties;

4. An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent based on conduct that occurred outside of the State of Louisiana, or affected persons who are not parties to this litigation, or alleged exposure that occurred outside of the State of Louisiana;

5. An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent based on conduct that occurred prior to or after the time period during which Article 2315.3 was in effect;

6.  An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent it is based on Shell lawfully conducting a legal activity;

7.  An award of punitive damages in this case would violate federal and state due process and equal protection as well as the state right to property to the extent that Shell's wealth or corporate status is taken into consideration in determining the amount of the award or, alternatively, to the extent that the award is disproportionate to awards against other defendants who commit similar offenses resulting in similar injuries but who differ only in material wealth;

8.  An award of punitive damages in this case would violate federal and state due process as well as the state right to property and state protection against excessive punishment to the extent that it is excessive or disproportionate to the award of compensatory damages, and Shell further pleads for an extension of the law such that the federal protection against excessive punishment likewise applies in this situation;

9.  An award of punitive damages in this case would violate federal and state due process as well as the state right to property to the extent that Shell is adjudged liable for punitive damages based not on its own conduct, but rather for other persons' conduct, whether under the doctrines of joint and several liability, solidary liability, vicarious liability, *respondeat superior,* or otherwise;

10. An award of any damages in this case would violate federal and state due process and the state right to property to the extent that there are not separate trials of compensatory and punitive damages;

11. An award of punitive damages in this case would violate federal and state due process and the state right to property to the extent that they are adjudicated prior to adjudication of any and all compensatory damages to Plaintiffs;

12. An award of punitive damages in this case would violate federal and state due process to the extent that the laws of this state fail to require that an award of punitive damages bear a close relationship to appropriate civil fines or penalties established by the legislature, or by administrative agencies under authority delegated by the legislature, and to the extent such an award does not take into account whether any other punitive damages, fines, penalties, etc., were assessed against Shell for the alleged conduct at issue; and

13. An award of punitive damages in this case would violate federal and state due process, the state right to property, the state right to equal protection, and the state protection against excessive punishment to the extent that Shell is not afforded the safeguards afforded defendants in other penal or criminal proceedings, including without limitation the protection against self-incrimination, the right to confront adverse witnesses, the requirement of a unanimous jury, and the application of a heightened burden of proof of beyond a reasonable doubt or, alternatively, clear and convincing evidence.

58.

Shell avers that if Plaintiffs and/or Decedent sustained any injuries or damages for which they have made claims against Shell, which is denied, that such injuries or damages were proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues, products and byproducts prevalent at Decedent's job sites or residence, and other substances that are not the responsibility of Shell, and by cumulative exposure to all types of environmental, industrial and/or household pollutants of air, soil and water.

59.

Shell denies that the Louisiana Civil Code Articles on conflicts of law allow any other state's laws providing for punitive and/or exemplary damages to be applied in this action.

60.

In the event Decedent is covered under the Louisiana Workers' Compensation Act or the Longshore and Harbor Workers' Compensation Act, Shell expressly pleads that Plaintiffs' claims are barred by the exclusivity provisions in these Acts.

61.

Any payments or settlements which Plaintiffs and/or Decedent or his estate received or receives from any other person must be credited against damages, if any, otherwise recoverable from Shell.

62.

Shell denies that it caused any damage(s) and/or injury(ies) to Plaintiffs and/or Decedent, and denies that Plaintiffs can produce evidence sufficient to support or sustain the imposition of liability against Shell for Plaintiffs and/or Decedent alleged damages and/or injuries.

63.

Shell reserves its right to amend these affirmative defenses and to raise any and all other affirmative defenses that may be revealed as a result of discovery.

64.

Shell adopts and incorporates herein the affirmative defenses applicable to Shell that are raised by other Defendants to this lawsuit, to the extent same are not inconsistent with the defenses asserted herein.

65.

Shell further prays for all other general and equitable relief as appropriate.

## **DEMAND FOR JURY TRIAL**

In further response to Plaintiffs' Petition for Wrongful Death and Survival Damages, Shell hereby requests a trial by jury as to all issues.

**WHEREFORE**, Defendant Shell Oil Company prays that its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiffs' Petition for Wrongful Death and Survival Damages be deemed good and sufficient, and that after due proceedings be had, that there be judgment in its favor, and against Plaintiffs, dismissing all claims herein with prejudice, with all costs assessed to Plaintiffs. Shell Oil Company further prays for all other general and equitable relief as appropriate.

Respectfully submitted,


Mary S. Johnson, T.A. (#17647)
msj@jgmclaw.com
Jill T. Losch (#20664)
jtl@jgmclaw.com
**JOHNSON GRAY MCNAMARA, LLC**
21357 Marion Lane, Suite 300
Mandeville, Louisiana  70471
Telephone:  (985) 246-6544
Facsimile:  (985) 246-6549


/s/ Chad J. Mollere
Chad J. Mollere (#26427)
cjm@jgmclaw.com
Nichole M. Gray (#32479)
nmg@jgmclaw.com
**JOHNSON GRAY MCNAMARA, LLC**
650 Poydras Street, Suite 1201
New Orleans, Louisiana  70130
Telephone:  (504) 525-4649
Facsimile:  (504) 525-4653

*Counsel for Shell Oil Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of October, 2014, I electronically filed a copy of the above and foregoing pleading with the Clerk of Court through use of the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case. I further certify that I served the foregoing document and notice of electronic filing by U.S. Mail or e-mail to any non-CM/ECF participants.

/s/ Chad J. Mollere