UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN LESTER, EL AL. | CIVIL ACTION |
| VERSUS | NO. 14-1824 |
| EXXON MOBIL CORP., ET AL. | SECTION "L" |

**ORDER AND REASONS**

Before the Court is Plaintiffs' motion to reconsider the Court's denial of remand. (Rec. Doc. 66). The Court has reviewed the briefs and the applicable law, and now issues this Order and Reasons.

**I.      BACKGROUND**

Plaintiffs in the instant *Lester* action were allegedly exposed to naturally occurring radioactive material ("NORM") associated with the cleaning of used oilfield pipe at various pipe yards. These Plaintiffs are individuals residing in several states who either worked at, or lived near, these facilities. The *Lester* Plaintiffs, a number of whom allege to have contracted cancer from NORM, seek damages for personal injury, medical monitoring, property damage, and punitive damages.

*Lester* has a lengthy procedural history. In 2002, over 600 Plaintiffs filed a single petition, entitled the *Lester* petition, seeking damages in Civil District Court for the Parish of Orleans, State of Louisiana. Since 2002, the state court proceedings have disposed of the claims of various Plaintiffs through "trial flights," settlements, or other dismissals, such that just over 500 Plaintiffs remain. The state court has systemically grouped up to twelve Plaintiffs' like-

claims together for trial flights. According to Plaintiffs, none of the completed trial flights have had preclusive effect on subsequent trial flights.

One of the Plaintiffs included in the *Lester* petition was Cornelius Bottley, who died from esophageal cancer in 2012. On July 16, 2014, three members of his surviving family filed a separate *Bottley* action, also in Civil District Court in Orleans Parish. With an upcoming trial flight, these *Bottley* Plaintiffs on July 31, 2014 moved the state court to transfer and consolidate their case with the *Lester* state action. Based on this motion for consolidation, *Bottley* Defendant Exxon Mobil Oil removed both *Lester* and *Bottley* to this Court under the Class Action Fairness Act ("CAFA"). Although Defendant Exxon Mobil Oil ("Mobil Oil") was a Defendant only in the new *Bottley* state court action, and not its *Lester* counterpart, it asserts that the motion to consolidate entitles it to remove both cases under CAFA.

Plaintiffs thereafter filed a motion to remand both actions to state court, arguing that the Court lacked CAFA jurisdiction. (*See* Rec. Doc. 8). Plaintiffs argued, *inter alia*, that Mobil Oil, as a non-party in the *Lester* state court action, was not a proper party for removal. Upon consideration of the parties' briefs, applicable law, oral argument, and post-argument memoranda, the Court denied remand. (Rec. Doc. 45). The Court explained that CAFA jurisdiction exists here because (1) Plaintiffs proposed a joint trial of 100 or more plaintiffs at the appropriate time and (2) the request for state court consolidation "commenced" a new action within the meaning of CAFA, thus permitting Mobil Oil to remove both *Lester* and *Bottley*.[1] Plaintiffs have since moved to reconsider. (Rec. Doc. 66). A stay is otherwise in effect. (Rec. Doc. 73).

---

[1] Upon denying remand, the Court consolidated *Lester* and *Bottley*. (Rec. Doc. 46).

## II.     ANALYSIS

A Federal Rule of Civil Procedure 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The United States Court of Appeals for the Fifth Circuit has noted that altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Techs., Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiffs do not meet this high standard. They do not demonstrate any manifest error of fact or law but rather merely re-assert the arguments they already made previously. Specifically, Plaintiffs re-assert their argument that Mobil Oil is not a proper party to remove *Lester*, and that

the state court motion to consolidate does not permit removal under *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 803-04 (5th Cir. 2006). (Rec. Docs 8, 34, 66). Just as Plaintiff did in their original arguments, they are again restrictively interpreting *Braud*. At this Court explained in its Order and Reasons, *Braud* specifically holds that under Louisiana law, any amendment that adds a new defendant "commences" the action for the purposes of CAFA, thus opening a new window of removal. (Rec. Doc. 45 at 9). As this Court explained, the motion to consolidate constitutes such an amendment under *Braud*, Plaintiffs' re-asserted arguments notwithstanding.

 Second, Plaintiffs argue that the Court misapplied the Seventh Circuit's decision in *In Re: Abbott Laboratories, Inc*., 698 F.3d 568, 570 (7th Cir. 2012), to this case. Plaintiffs argue that in *Abbott*, there was no dispute that the remover was a party. Plaintiffs, however, miss the point of this Court's citation of *Abbott* in its Order and Reasons. As the Court explained, (Rec. Doc. 45 at 10-11), *Abbott* is significant here because the Seventh Circuit placed import on whether there was a *motion* for consolidation. Under *Abbott*, it is immaterial whether consolidation was granted; rather the *proposal* for joint trial – via the consolidation motion – is the triggering event that permits removal. 698 F.3d at 573; *see also* 28 U.S.C.A. § 1332(d)(11) (affording federal CAFA jurisdiction for a civil action "in which monetary relief claims of 100 or more persons are *proposed* to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact") (emphasis added). *Abbott's* reasoning does not change simply because Mobil Oil was not yet a party in *Lester*. Mobil Oil was already a party in *Bottley*, and the state court motion to consolidate was a proposal to make Mobil Oil a party in *Lester*, as well. This interpretation of CAFA also comports with other decisions out of the Seventh and Eighth Circuits. *See Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1163-65 (8th Cir. 2013); *Bullard v. Burlington Northern*

4

*Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008). Here, the motion to consolidate is the trigger that allows Mobil Oil to remove to federal court.

For these reasons, **IT IS ORDERED** that Plaintiffs' motion to reconsider is **DENIED**.

New Orleans, Louisiana, this 12th day of January, 2015.

_____
U.S. DISTRICT JUDGE