# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WARREN LESTER, ET AL. | CIVIL ACTION |
| VERSUS | NO. 14-1824 |
| EXXON MOBIL CORP., ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court are two motions to dismiss without prejudice filed by Plaintiffs Herman LeBlanc, R. Doc. 569, and Donnie Beasley, R. Doc. 572. The motions are opposed. R. Doc. 579. Plaintiffs have filed a reply. R. Doc. 590. Having heard oral argument on the motions on April 3, 2019, R. Doc. 594, considered the applicable law, and the arguments of the parties, the Court is now ready to rule.

I. BACKGROUND

Plaintiffs in the instant *Lester* action were allegedly exposed to naturally occurring radioactive material ("NORM") associated with the cleaning of used oilfield pipe at pipe yards in Harvey, Louisiana, including the "Grefer Tract," nearby tracts of land, and tracts of land in other locations in Louisiana, Texas, Mississippi, and Oklahoma. These Plaintiffs are individuals residing in several states who either worked at, or lived near, these facilities. The *Lester* Plaintiffs, a number of whom allege to have contracted cancer from NORM, seek damages for personal injury, medical monitoring, property damage, and punitive damages.

*Lester* has a lengthy procedural history. In 2002, over 600 Plaintiffs filed a single petition (the "*Lester* petition") seeking damages in Civil District Court for the Parish of Orleans, State of Louisiana. Since 2002, the state court proceedings have disposed of various Plaintiffs' claims through "trial flights," settlements, or other dismissals, such that just over 500 Plaintiffs now

remain. The state court has systemically grouped up to twelve Plaintiffs' like-claims together for trial flights. According to Plaintiffs, none of the completed trial flights have had preclusive effect on subsequent trial flights.

One of the Plaintiffs included in the *Lester* petition was Cornelius Bottley, who died from esophageal cancer in 2012. On July 16, 2014, three members of his surviving family filed a separate *Bottley* action, also in Civil District Court in Orleans Parish. On July 31, 2014, with an upcoming trial flight, these *Bottley* Plaintiffs moved the state court to transfer and consolidate their case with the *Lester* state action. Based on this motion for consolidation, *Bottley* Defendant Exxon Mobil Oil removed both *Lester* and *Bottley* to this Court under the Class Action Fairness Act ("CAFA"). Plaintiffs moved to remand the cases to state court. This Court, however, denied remand on October 23, 2014, and consolidated *Lester* and *Bottley*. R. Docs. 45, 46. The Court explained that Plaintiffs' motion to consolidate in state court constituted a "proposal for joint trial," particularly where over 500 plaintiffs remained at the time the motion to consolidate was filed. Thus, CAFA bestowed federal "mass action" jurisdiction. Plaintiffs appealed this decision, and in June 2018, the Fifth Circuit upheld this Court's denial of the motion to remand. R. Doc. 383. Subsequently, on January 31, 2019, Shell moved for summary judgment; however, after finding there were still significant issues of material fact regarding Shell's contribution to Plaintiffs' injuries, the Court denied Shell's motion. R. Doc. 566.

The instant motions relate to two *Lester* Plaintiffs—Donnie Beasley and Herman LeBlanc. These Plaintiffs' claims have been pending in this action since 2005. R. Doc. 569-1 at 1; R. Doc. 572-3 at 1. On December 19, 2016, Beasley was diagnosed with a bone tumor on his spine, which was subsequently determined to be multiple myeloma. R. Doc. 572-3 at 2. On July 30, 2018, LeBlanc was diagnosed with bladder cancer. R. Doc. 569-1 at 2. Rather than amending their claims

2

in the instant matter to include additional defendants, Beasley and LeBlanc filed separate suits in Louisiana State Court.[1] R. Doc. 572-3 at 1. Of the nine defendants in the state court action, seven are also defendants before this Court in *Lester*.[2]

## II.   PENDING MOTION

Both Beasley and LeBlanc filed motions pursuant to Federal Rule of Civil Procedure 41(a)(2) seeking dismissal of their claims before this Court without prejudice. R. Doc. 569-1 at 1; R Doc. 572-3 at 1. In their motions, Plaintiffs assert they filed their claims in state court to avoid naming additional defendants in the *Lester* mass action. R. Doc. 569-1 at 1; R Doc. 572-3 at 1. Next, Plaintiffs contend Defendants will not suffer any legal prejudice if the claims currently before this Court are dismissed. *Id.* Finally, Plaintiffs argue the state forum offers them an opportunity to have their cases tried more quickly in light of the recent developments in their cancers, which they contend could become more severe "quickly[,] without warning." R. Doc. 569-1 at 5; R Doc. 572-3 at 5.

In opposition, Defendants argue they will suffer legal prejudice should the Court dismiss Plaintiffs and their claims without prejudice. R. Doc. 579 at 4. In support of their argument, Defendants point to two factors the Fifth Circuit has identified as constituting legal prejudice that Defendants contend are present in this case. R. Doc. 579 at 4. First, Defendants argue Plaintiffs' motions to dismiss are a way to escape an adverse ruling from this Court and circumvent to an expected adverse result in state court. R. Doc. 579 at 4–5. Specifically, Defendants submit Plaintiffs merely seek to avoid this Court's denial of the motion to remand *Lester*, which has been

---

[1] On March 24, 2017, Beasley filed suit in the 24th Judicial District Court for Jefferson Parish; on November 26, 2018, LeBlanc and his wife filed suit in the 16th Judicial Court for the Parish of St. Mary.

[2] These Defendants include BP Products North America Inc., BP America Production Company, Atlantic Richfield Company, Intracoastal Tubular Services, Inc., Shell Oil Company, Shell Offshore, Inc. and SWEPI LP.

3

affirmed by the Fifth Circuit. R. Doc. 579 at 4; R. Doc. 383. With respect to their pending claims in state court, Defendants argue Plaintiffs' motions for voluntary dismissal are a means to circumvent a potentially adverse ruling in the state court proceeding—namely, a stay of their state court cases under the exception of *lis pendens*. R. Doc. 579 at 6. Second, Defendants contend the far stage at which this litigation has reached cautions against dismissal. Defendants assert they have expended substantial amounts of time, money, and effort litigating this case over sixteen years, five of which have been before this Court following removal. R. Doc. 579 at 7. Defendants also argue judicial efficacy supports denial of Plaintiffs' motions. R. Doc. 579 at 8.

In their reply, Plaintiffs contend Defendants' claim that they will be prejudiced by a dismissal without prejudice is "legally insignificant." R. Doc. 590 at 1. Because granting the motion would not prejudice Defendants as to "some legal interest, some legal claim, some legal argument," such as "the loss of an affirmative defense . . . [or a] statute of limitations [defense]," Plaintiffs argue Defendants will not suffer any legal prejudice. *Id.* at 1–2. Plaintiffs further contend that the discovery undergone so far in the *Lester* action would be applicable to the case whether Plaintiffs' claims proceed in this Court or in state court. *Id.* at 2. Thus, Plaintiffs argue, "There will be no additional expense, work or other prejudice if LeBlanc and Beasley are permitted to proceed in state court." *Id.* at 3.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that, in certain circumstances, an action may be voluntarily dismissed without prejudice "at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). In general, motions for voluntary dismissal under Rule 41(a)(2) should be freely granted "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Manshack v. Sw. Elec. Power*

4

*Co.*, 915 F.2d 172, 174 (5th Cir. 1990). As the Fifth Circuit has explained, a defendant may suffer plain, legal prejudice from a plaintiff's voluntary dismissal without prejudice if any of the following factors are present: (1) the plaintiff seeks dismissal after an adverse ruling or to circumvent an expected adverse result; (2) the case has proceeded far in the litigation; or (3) dismissal would strip the defendant of an otherwise available defense. *Id.* The mere fact that a plaintiff "may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990). Further, the Fifth Circuit has noted "that additional expense will be incurred in relitigating issues in another forum will not generally support a finding of 'plain legal prejudice' and denial of a Rule 41(a)(2) motion to dismiss." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.3 (5th Cir. 2002) (citing *Manshack*, 915 F.2d at 174, n.2). *But see Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal.").

## IV. ANALYSIS

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 9 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 2364 at 165 (1971) (citations omitted). "If the court finds that legal prejudice does not exist, then the motion should be granted." *Stephens v. Cap. Cty. Mut. Fire Ins. Co.*, No. 09-759, 2009 WL 10707943, at *3 (E.D. Tex. Nov. 23, 2009). Thus, the Court will consider in turn each of Defendants' arguments that they will suffer legal prejudice if the Court grants Plaintiffs' motions.

### a. Avoiding an Adverse Ruling

Defendants first argue Plaintiffs' motions are an attempt to avoid this Court's order denying Plaintiffs' motion to remand and the Fifth Circuit's ruling affirming that order. Next, Defendants contend granting Plaintiffs' motion would deprive them of their *lis pendens* defense in Plaintiffs' pending state court actions.[3] Because these two issues are inter-twined, the Court considers them together.

In *Phillips v. Illinois Central Gulf Railroad.*, 874 F.2d 984, 987–88 (5th Cir. 1989), after the Texas district court transferred venue to Louisiana, the defendant moved for summary judgment based on Louisiana's one-year prescription period, a defense evident on the face of the plaintiff's complaint. *Id.* at 985. The plaintiff then moved for dismissal without prejudice seeking to refile his suit in state court, as the prescription period in other possible jurisdictions exceeded the statute applicable in Louisiana, which the district court denied. *Id.* Faced with an adverse summary judgment on the statute of limitations, the plaintiff appealed the district court's denial of his Rule 41(a)(2) motion. The Fifth Circuit affirmed, holding that a dismissal without prejudice would have legally prejudiced the defendant, as the statute of limitations had not expired in Texas or Mississippi, where the plaintiff intended to refile. *Id.* at 987. Because allowing the plaintiff to refile his claim in a different venue would strip the defendant of an absolute defense, the circuit court affirmed the district court's denial of the Rule 41(a)(2) motion. *Id.*

Contrastingly, in *Manshack v. Southern Electric Power Co.*, 915 F. 2d 172 (5th Cir. 1990), the Fifth Circuit considered the district court's grant of the plaintiffs' motion for dismissal without

---

[3] The exception of *lis pendens*, Latin for "suit pending," is embodied in Louisiana Code of Civil Procedure article 531, which provides: "When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all."

prejudice. There, the defendant argued the plaintiff sought dismissal solely to avoid the district court's adverse choice-of-law ruling. The Fifth Circuit affirmed the dismissal on appeal, distinguishing its holding in *Phillips*. As the Fifth Circuit explained, regardless of the venue, the defendant would be "governed by exactly the same choice of law principles in Texas federal or state court," and therefore, unlike the defendant in *Phillips*, the defendant in *Manshack* would "not be stripped of an absolute defense." *Id.* at 175.

In this case, the adverse ruling Defendants point to is this Court's denial of Plaintiffs' motion to remand. The Court notes at the outset that forum shopping is an insufficient basis upon which to establish legal prejudice. *Brown v. Schlumberger Tech. Corp.*, No. 01-3755, 2002 WL 550986, at *2 (E.D. La. Apr. 11, 2002). The issue before this Court is more akin to the issue presented in *Manshack* than the issue before the Fifth Circuit in *Phillips*. As was the case in *Manchack*, here Plaintiffs' claims will be governed by the same law whether they proceed in state court or in this court. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Moreover, even assuming Plaintiffs are attempting to avoid this Court's denial of their motion to remand, the Fifth Circuit affirmed the district court's grant of the plaintiffs' motion to dismiss without prejudice in *Manchack*, despite the district court's having previously denied the plaintiffs' motion to remand. Thus, the Court will not deny Plaintiffs' motion on this basis.

With respect to Defendants' losing the availability of their *lis pendens* exception in state court, this defense is not absolute, such as an exception based on the statute of limitations; rather, the exception of *lis pendens* simply forces the case to proceed in the court in which the case was first filed. Again, the same law would apply to Plaintiffs' claims regardless of whether the case proceeds in state or federal court. Because granting Plaintiffs' motion to dismiss would not "allow

[P]laintiff[s] to select a different body of law unfavorable to [D]efendant[s'] position," the Court will not deny Plaintiffs' motion to dismiss on this basis. *See Manshack*, 915 F.2d at 175.

### b. Timing, Cost, and Other Considerations

Finally, Defendants argue they will suffer legal prejudice from the dismissal of these two Plaintiffs, as (1) this case has been pending before this Court since August 2014, (2) the parties have undergone extensive motions practice, and (3) allowing both this CAFA mass action and the two prospective individual actions to proceed simultaneously will force Defendants to litigate substantially similar claims in multiple venues. In support of their position, Defendants point to *Stephens v. Capitol Country Fire Insurance Co.*, No. 09-759, 2009 WL 10707943, at *3 (E.D. Tex. Nov. 23, 2009) and *Bullard v. Burlington Northern Santa Fe Railway Co.*, No. 07-6883, 2008 WL 4104355 (N.D. Ill. Aug. 29, 2008).

In *Stephens*, the plaintiffs initially filed suit in state court, but the defendants subsequently removed the case pursuant to CAFA. 2009 WL 10707943, at *1. After the court denied the plaintiffs' motion to remand, the plaintiffs sought voluntary dismissal of their claims. *Id.*, at *2. The defendants opposed the motion, arguing they would suffer legal prejudice. *Id.* The court disagreed, noting (1) that the deadline for dispositive motions was a year away, suggesting "[n]either party ha[d] expended significant effort or expense in preparing for trial"; (2) the plaintiffs were not seeking to return to state court in order to "evade a likely adverse ruling"; and (3) the plaintiffs sought "to dismiss the *entire* putative class action rather than a portion of Plaintiffs' claims." *Id.*, at *3–4. Thus, the court concluded the defendants would not suffer any legal prejudice and granted the plaintiffs' 41(a)(2) motion.

In *Bullard*, the plaintiffs also initially filed their case in state court, but had their claims removed to federal court pursuant to CAFA. 2008 WL 4104355, at *1. Unlike *Stephens*, however,

8

following the court's denial of the plaintiffs' motion to remand, 53 out of 144 plaintiffs moved to have their cases dismissed without prejudice. *Id.* Because the plaintiffs sought dismissal of some, but not all, of their cases, the court denied the plaintiffs' motion, reasoning that "[t]o dismiss fifty-three plaintiffs from this case unconditionally without prejudice would subject defendants to the possibility of litigating suits based on the same claims in both this Court and in state court—a circumstance that would largely defeat the purpose of CAFA and significantly increase the expense and effort required of defendants preparing for and trying at least two trials." *Id.*, at *10 (footnote omitted).

In this case, not only are Plaintiffs seeking to dismiss only two of their claims, both LeBlanc and Beasley have refiled their claims in two separate state courts. Thus, allowing dismissal of LeBlanc's and Beasley's claims would require Defendants to defend suits based on substantially similar claims in three different venues. Moreover, unlike the posture of the case in *Stephens*, which had only been pending for a short time, this case has been pending before this Court since August 2014. *See* R. Doc. 1. Since removal, the Court has ruled on Plaintiffs' motion to remand, which was affirmed by the Fifth Circuit, and, although the Court found it was filed prematurely, the Court has also considered Defendants' motion for summary judgment. While the Court does not find Plaintiffs filed their motion to dismiss to avoid these rulings, the Court does find the parties have invested substantial time and effort in litigating this case and therefore will suffer legal prejudice should the Court grant Plaintiffs' motions to dismiss. Moreover, Plaintiffs have not offered any curative actions this Court could take to prevent Defendants from suffering legal prejudice. As a result, the Court will deny Plaintiffs' motions to dismiss without prejudice.

## V. CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that the motions to dismiss without prejudice filed by Plaintiffs Herman LeBlanc, R. Doc. 569, and Donnie Beasley, R. Doc. 572, be and hereby are **DENIED**.

New Orleans, Louisiana on this 5th day of April, 2019.

*Eldon E. Fallon*
Eldon E. Fallon
U.S. District Court Judge