# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WARREN LESTER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1824** |
| **EXXON MOBIL CORP., ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is the Tuboscope Flight Plaintiffs' motion to quash the Notice of Video Deposition of Ethan Natelson, M.D. R. Doc. 689. The motion is opposed. R. Doc. 695. Having considered the applicable law and the arguments of the parties, the Court now rules as follows.

I. BACKGROUND

*Lester* has a lengthy procedural history. In 2002, over 600 Plaintiffs filed a single petition (the "*Lester* petition") seeking damages in Civil District Court for the Parish of Orleans, State of Louisiana. Since 2002, the state court proceedings have disposed of various Plaintiffs' claims through "trial flights," settlements, or other dismissals, such that just over 500 Plaintiffs now remain. The state court has systemically grouped up to twelve Plaintiffs' like-claims together for trial flights. According to Plaintiffs, none of the completed trial flights have had preclusive effect on subsequent trial flights.

One of the Plaintiffs included in the *Lester* petition was Cornelius Bottley, who died from esophageal cancer in 2012. On July 16, 2014, three members of his surviving family filed a separate *Bottley* action, also in Civil District Court in Orleans Parish. With an upcoming trial flight, these *Bottley* Plaintiffs on July 31, 2014 moved the state court to transfer and consolidate their case with the *Lester* state action. Based on this motion for consolidation, *Bottley* Defendant Exxon Mobil Oil removed both *Lester* and *Bottley* to this Court under the Class Action Fairness Act

("CAFA"). Plaintiffs moved to remand the cases to state court. This Court, however, denied remand on October 23, 2014, and consolidated *Lester* and *Bottley*. R. Docs. 45, 46. The Court explained that Plaintiffs' motion to consolidate in state court constituted a "proposal for joint trial," particularly where over 500 plaintiffs remained at the time the motion to consolidate was filed. Thus, CAFA bestowed federal "mass action" jurisdiction.

Plaintiffs appealed this decision, and in June 2018, the Fifth Circuit upheld this Court's denial of the motion to remand. R. Doc. 383. Subsequently, on January 31, 2019, Shell moved for summary judgment; however, after finding there were still significant issues of material fact regarding Shell's contribution to Plaintiffs' injuries, the Court denied Shell's motion. R. Doc. 566.

The instant motion relates to the Tuboscope Flight Plaintiffs. These Plaintiffs are, or assert claims on behalf of, seven former Tuboscope employees who worked at the Tuboscope pipe yard in Harvey, Louisiana. These employees allege they were occupationally exposed to Naturally Occurring Radioactive Materials ("NORM") while working at the Tuboscope Harvey pipe yard, cleaning, inspecting, and/or coating used oilfield pipes belonging to various Tuboscope customers. The employees allegedly inhaled NORM-contaminated dust generated during pipe yard operations and were thereby exposed to radioactive materials, which have allegedly caused them various illnesses, fear of cancer and increased risk of cancer.

## II. PENDING MOTION

The Tuboscope Flight Plaintiffs filed a motion to quash the Notice of Video Deposition of Ethan Natelson, M.D. R. Doc. 689. In the motion, Plaintiffs assert Defendants unilaterally issued a notice of video deposition setting Ethan Natelson, M.D.'s deposition "for all purposes" to take place in Houston, Texas on August 30, 2019. R. Doc. 689-1 at 1–2. Plaintiffs contend this date is after the deadline set in the Scheduling Order, which dictates that all discovery and taking of trial

perpetuation depositions must be done by August 19, 2019. R. Doc. 6891-1 at 1. Moreover, Plaintiffs argue there was no prior notice or "the courtesy of checking Plaintiffs' counsel's availability," and no leave of court sought to take the deposition after the deadline set in the Scheduling Order. R. Doc. 689-1 at 2. Plaintiffs say they will be "severely prejudiced" if their counsel is forced to travel to Houston for the deposition, as "[p]reparation for the deposition will be extensive and time consuming, along with trial" and the deposition date is just three weeks before trial. R. Doc. 689-1 at 2. Plaintiffs further contend Defendants made settlement offers to over 600 of Plaintiffs' counsels' clients with a response date of August 31, 2019, and on August 20, 2019, Defendants filed "approximately seventeen motions in limine, motions to exclude and motions for summary judgment." R. Doc. 689-1 at 2. Plaintiffs argue it is unreasonable to expect them to deal with all this work, while also substantively preparing for Dr. Natelson's out-of-state deposition and the upcoming trial. R. Doc. 689-1 at 2.

In opposition, Defendants argue good cause exists to allow the trial perpetuation deposition of Dr. Natelson to proceed as planned for August 30, 2019 in Houston. R. Doc. 695 at 2. Specifically, Defendants contend Dr. Natelson resides in Houston, which is outside of the Court's subpoena power, and he is unavailable for trial due to his professional responsibilities as a doctor in hematology and internal medicine. R. Doc. 695 at 1. Defendants state Dr. Natelson indicated the earliest date he was available for a video perpetuation deposition was on August 30, 2019 in Houston. R. Doc. 695 at 2. Defendants argue Plaintiffs' need to "prepare" for the deposition is not prejudicial, as Plaintiffs would need to prepare to cross-examine Dr. Natelson whether he was testifying at a video deposition in advance of trial or live at trial. R. Doc. 695 at 2. Moreover, Defendants contend travel to Houston is not an inconvenience, as the travel time is not long, free wi-fi is available at both the New Orleans and Houston airports, and the Falcon Firm has multiple

3

attorneys working on this matter, so one of them should be available to handle this deposition. R. Doc. 695 at 3. Defendants also contend they made settlement offers to Plaintiffs represented by the Falcon Law Firm on August 6, 2019 because that is when Defendants learned the Falcon Law Firm allegedly did not make their clients aware of ongoing settlement negotiations in this case. R. Doc. 695 at 3. Finally, Defendants say that responding to the motions they filed on August 20, 2019 should not be considered burdensome to Plaintiffs because "responding to timely-filed motions is part and parcel of litigating complicated claims" and "the vast majority of [the] pretrial motions" Defendants filed were based on similar motions they filed in the 2014 state court case. R. Doc. 695 at 4.

As a final alternative, if the Court quashes this scheduled deposition, Defendants say they can arrange for Dr. Natelson to testify via live video link to the courtroom. R. Doc. 695 at 5.

## III. LAW AND ANALYSIS

Rule 16(b) governs the amendment of pleadings after a scheduling order deadline has expired. *S&W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Federal Rule of Civil Procedure 16(b)(4), a Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To demonstrate good cause for modifying a scheduling order, the movant must show that "the deadlines cannot be reasonably met despite the diligence of the party needing the extensions." *S&W Enters., LLC*, 315 F.3d at 535. When a party moves to amend the scheduling order, a court must consider "'(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.,* 110 F.3d 253, 257 (5th Cir.1997)) (alterations in original).

4

In this case, the Scheduling Order issued by the Court states: "Depositions for trial use shall be taken and all discovery shall be completed not later than August 19, 2019." R. Doc. 565 at 1. Defendants have not moved to amend the scheduling order, and instead, have attempted to set Dr. Natelson's video deposition for August 30, 2019, over ten days after the deadline stated in the Scheduling Order. *See* R. Doc. 695 at 2. Moreover, Defendants' only reason for scheduling Dr. Natelson's video perpetuation deposition after the Court-imposed deadline is because when Dr. Natelson was asked for dates he could participate in the deposition, "Dr. Natelson indicated that *the earliest date he was available was on August 30, 2019* in Houston, Texas." R. Doc. 695 at 2 (emphasis in original). The Court issued the Scheduling Order in February 2019, however, and it is unclear why the Defendants waited so long to contact Dr. Natelson to schedule his deposition. The Scheduling Order was issued approximately seven months prior to the scheduled trial date, so Defendants should have had ample opportunity to set the video perpetuation deposition with Dr. Natelson in advance of the August 19, 2019 deadline. Moreover, Defendants did not seek leave of the Court to conduct this deposition beyond the deadline set by the Court nor did they seek an extension of the deadline before scheduling the video deposition.[1] Accordingly, the Court will grant Plaintiffs' motion to quash the video deposition scheduled for August 30, 2019 in Houston.

In the alternative, Defendants state they can arrange for Dr. Natelson to testify via live video link to the courtroom during trial. R. Doc. 695 at 5. Federal Rule of Civil Procedure 43(a) requires that "witnesses' testimony must be taken in open court," but provides that "[f]or good

---

[1] In another Eastern District of Louisiana case, the Court concluded the Defendant had not established good cause to modify the discovery deadline, explaining "[Defendant] did not seek leave of the Court to conduct discovery beyond the deadline set by the Court nor did it seek an extension of the discovery deadline before serving its subpoena." *Transcon. Gas Pipe Line Corp. v. Transocean Offshore USA*, No. CV 06-6316, 2010 WL 11538592, at *2 (E.D. La. June 4, 2010).

5

cause in compelling circumstances and with appropriate safe-guards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). In this case, because Dr. Natelson resides in Houston and is beyond the subpoena power of this Court, and because Defendants have represented that Dr. Natelson can be made available to testify via live video link to the courtroom, the Court will allow Dr. Natelson to testify via live video link.

## IV. CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiffs' Motion to Quash Notice of Video Deposition, R. Doc. 689, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants be allowed to arrange for Dr. Natelson to testify via live video link to the courtroom during trial.

New Orleans, Louisiana on this 26th day of August, 2019.

_____
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT COURT JUDGE